NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KHAL ANSHEI TALLYMAWR, INC., <br><br>Plaintiff, <br><br>v. <br><br>TOWNSHIP OF TOMS RIVER, NEW JERSEY and TOWNSHIP OF TOMS RIVER ZONING BOARD OF ADJUSTMENT, <br><br>Defendants. | Civ. No. 21-2716 <br><br> OPINION |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion to Dismiss filed by Defendants Township of Toms River, New Jersey and Township of Toms River Zoning Board of Adjustment (the "Defendants"). (ECF No. 11.) Plaintiff Khal Anshei Tallymawr Inc. ("Plaintiff") opposes. (ECF No. 12.) The Court has decided the Motion based on the written submissions of the parties and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, this Motion (ECF No. 11) is denied in part and granted in part.

## BACKGROUND

**I.    Factual Background**

This is a constitutional and statutory challenge to land use regulations and the denial of Plaintiff's permit application to build a synagogue. Plaintiff claims that the Defendants' regulations and conduct violate the Free Exercise and Equal Protection Clauses of the United

1

States Constitution, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*, and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-12.5429. (Compl. ¶ 1, ECF No. 1.)

A. *The Parties*

Plaintiff is an Orthodox Jewish congregation in the Tallymawr neighborhood of the Township of Toms River, New Jersey. (*Id.* ¶ 13.) Plaintiff seeks to build a *shul*, or a small synagogue, for its congregants. (*Id.* ¶ 2.)

The Township of Toms River, New Jersey (the "Township") is a municipality in the state of New Jersey that regulates land use and development under Chapter 348 of its municipal code (the "Land Use Code"). (*Id.* ¶¶ 11, 55.) An elected council (the "Township Council") votes on and passes new regulations that fall within the Land Use Code. (*See id.* ¶¶ 91, 97, 98, 104.)

The Township of Toms River Zoning Board of Adjustment (the "Board") is a seven-person board that "hear[s] and decide[s] appeals" of land use decisions and grants "variances" for certain development applications that warrant a departure from the land use regulations. N.J.S.A. 40:55D-70.(a), (c); Land Use Code, § 348-3.2.A., J.(1), (3)–(4).

B. *Plaintiff's Religious Exercise*

In recent years, "increasing numbers" of Orthodox Jews have moved to the Township, and "are estimated to comprise 95% of the residents of Tallymawr." (Compl. ¶ 2.) Plaintiff alleges several practices that are "essential" to the religious exercise of its Orthodox Jewish congregation. (*Id.* ¶¶ 13–45.) Specifically, Plaintiff alleges the need for a synagogue that congregants can access by foot with separate entrances for men and women (*id.* ¶¶ 16, 34); a "social hall" for "religious life cycle events" (*id.* ¶ 24); space for religious education, prayer, and study (*id.* ¶¶ 28–29); a library (*id.* ¶ 31); space for Jewish rituals (*id.* ¶¶ 22, 30); an office for the

rabbi (*id.* ¶ 41); and general space for congregants to "have fellowship," including meetings, social events, memorial services and guest lectures (*id.* ¶¶ 25, 32–33).

Currently, Plaintiff rents space in the basement of a family home, which allegedly limits the congregants' religious exercise because of time and space restrictions (*id.* ¶¶ 36–37), noise from the upstairs home (*id.* ¶ 38), and the lack of handicapped-accessible accommodations (*id.* ¶ 40). The closest synagogue is "a tiny 20-person *shul* located in Lakewood Township that is approximately thirty minutes away on foot" and not safely accessible "because of a lack of sidewalks and dangerous road conditions." (*Id.* ¶ 44.) Accordingly, Plaintiff alleges that its congregants "need[] a house of worship that can meet their religious needs." (*Id.* ¶ 45.)

    C.    *The Land Use Code*

The Land Use Code divides the Township into various zones and restricts certain types of land use within each zone. (*See id.* ¶¶ 57–58.) It lists which land uses are permitted as "conditional uses" in each zone. (*See id.* ¶ 56.) If a land use is listed as a "conditional use," another section of the Land Use Code lists the conditions required for that land use. (*See id.* ¶¶ 56, 60.) If a use is not listed as a permitted or conditional use, it is prohibited in that zone. (*Id.* ¶ 58 (citing Land Use Code § 348-5.2(E).)

The Land Use Code requires anyone wishing to "[c]onstruct a new building or structure" to apply for a "development permit." Land Use Code § 348-6.2.A.(2). An "Administrative Officer" ("zoning officer") reviews the development permit application and, if he determines that the proposed development is "an exempt development which conforms in all aspects to the requirements of [the Land Use Code] . . . , he shall issue [the] development permit." *Id.* § 348-6.2.B. If the zoning officer determines that the proposed development is not exempt, "he shall instruct the applicant" that the application requires additional approval. *Id.* § 348-6.2.D. The

zoning officer shall advise the applicant where to seek the additional approval, *e.g.*, with the Board or another administrative body, and whether the application requires additional submissions, *e.g.*, a site plan, subdivision, variance, conditional use, or building permit. *Id.*

In March 2009, the Township Council removed "churches and places of worship" (collectively, "places of worship") as a conditional use from several zones, including the Rural Residential ("RR") and other residential zones, R-800, R-400, R-400C, and R/C-3. (Compl. ¶¶ 62–63.) Where places of worship were permitted as conditional uses, they were subject to the following restrictions: (1) a ten-acre minimum lot, (2) a 300-feet minimum lot width, (3) a maximum lot building coverage of 15%, and (4) a maximum impervious coverage of 40%. (*Id.* ¶ 56.) Plaintiff alleges that these regulations imposed stricter requirements on places of worship than the conditional use requirements of other uses. (*See id.* ¶¶ 65, 73, 75 (listing minimum lot and lot width requirements, and maximum impervious coverage requirements for nonreligious uses).) These regulations, which prohibit places of worship in the RR and other residential zones and impose allegedly stricter requirements on conditional uses for places of worship (collectively, the "Regulations"), are what Plaintiff challenges in its Complaint. (*Id.* ¶ 76.)[1]

D. *Plaintiff's Application to Build a Shul*

To "accommodate the religious exercise of its congregation," Plaintiff sought to build a *shul*. (*Id.* ¶¶ 2, 14.) Plaintiff contracted to purchase a 1.03-acre property in the RR zone (the "Property") on which to build its *shul*. (*Id.* ¶¶ 48–50.) According to Plaintiff, the development of

---

[1] Plaintiff also alleges that "[s]ignificant hostility against Orthodox Jews exists on the part of the government and residents of [the Township]." (Compl. ¶ 89.) However, because Defendants moves to dismiss on justiciability grounds, the Court does not analyze the Township's motive behind the Regulations. (*See* Mot. at 26.)

the "Property as a 4,500-square foot house of worship . . . [would] serve the Orthodox Jewish community residing in the Tallymawr development located behind the [] Property." (*Id.* ¶ 52.)

On August 26, 2020, Plaintiff "filed an application with the Township for a zoning [development] permit to demolish the existing single family home on the [] Property and to replace it with a 4,500-square foot *shul*." (*Id.* ¶ 77.) Plaintiff sought to have its *shul* deemed a "permitted conditional use in the RR zone." (*Id.* ¶ 78.) According to Plaintiff, "[m]any of the Township's other churches and houses of worship are already located in the RR zone," and many of these places of worship "exist on properties much smaller than ten acres." (*Id.* ¶¶ 79, 81.)

On September 24, 2020, the zoning officer denied the application, stating "[u]se not permitted in the RR Zone." (*Id.* ¶ 82.) Plaintiff appealed the denial. (*Id.* ¶ 83.) On January 14, 2021, the Board held a meeting, where Plaintiff's representative "presented the appeal and responded to questions and comments made by Board members and the public." (Board Resolution at 1–2, Def.'s Ex. B, ECF No. 11-6.) On January 28, 2021, the Board issued a Resolution, upholding the denial. (*See generally id.*) The Resolution stated that "[t]he Property is located within the [RR Zone] and a House of Worship is not a permitted use in the RR Zone," and that Plaintiff must obtain "site plan approval" prior to getting a development permit. (*Id.* at 1–2.) It further stated that Plaintiff "failed to exhaust [its] administrative remedies as it has the right to file with the Board . . . a Use Variance pursuant to N.J.S.A. 40-55D-70 to allow a House of Worship in the RR Zone," (*id.*), which allows the Board to "grant a variance to allow departure from the regulations," N.J.S.A. 40-55D-70.d.

On February 16, 2021, Plaintiff filed a Complaint in this Court, claiming that the Regulations on their face and as-applied to Plaintiff violate the Free Exercise and Equal Protection Clauses of the Constitution, RLUIPA, and NJLAD. (*See* Compl. ¶ 1.)

   E.  *The Township's Amendments of the Challenged Regulations*

  Since Plaintiff filed this lawsuit, however, the Township has amended the Regulations. On December 9, 2018, the United States Department of Justice ("USDOJ") opened an investigation into the Land Use Code pertaining to religious assemblies. (Consent Order, Def.'s Ex. D ¶ 1, ECF No. 11-6.) The Township "cooperated fully" with the investigation. (*Id.*) Following the investigation, USDOJ filed a Complaint alleging that the Regulations "impose[d] unreasonable limits on places of worship within the Township," "treat[ed] religious assemblies and institutions less favorably than nonreligious assemblies and institutions," and "impose[d] a substantial burden on the exercise of religion by religious communities, including the Orthodox Jewish community." (*Id.* ¶¶ 1–2.) USDOJ also found that, since the Township Council passed the Regulations in 2009, "no new house of worship has been formally established in any as of right or conditionally allowed zoning district in Toms River." (*Id.* ¶ 16.) On March 11, 2021, USDOJ and the Township filed a Consent Order in the District of New Jersey that required the Township Council to amend the Regulations within 120 days. (Def.'s Br. at 6, ECF No. 11-3.)

  On June 22, 2021, the Township Council adopted Ordinance No. 4700-21, which amended the Regulations to conform with the Consent Order (the "Amended Regulations"). (*See United States v. Township of Toms River*, Civ. No. 21-4633 (D.N.J.), Decl. of Compliance ¶ 6, ECF No. 6.) The Amended Regulations allow places of worship as conditional uses in the RR, R-800, and R-400 Residential Zones, and as permitted uses in the Highway Business Zone, the Rural Highway Business Zone, and the Rural Highway Business-Affordable Housing-Route 9 and Route 37 Zones. Land Use Code §§ 348-10.4.D.(1); 10.5.D.(1); 10.6.D.(1); 10.26.A.(21); 10.27.1.B.(26); 10.27.2.B.(26). The Amended Regulations also amended the conditional use requirements for places of worship — specifically, they lowered the minimum acreage

6

requirement from ten to two acres, changed the minimum lot width requirement to 300-feet on lots greater than four acres and 200-feet on lots four acres or less, and changed the maximum impervious coverage requirement to 40% on lots greater than four acres and 50% on lots four acres or less. *Id.* § 348-9.5.

## II.     Procedural History

On February 16, 2021, Plaintiff filed a Complaint alleging that the Regulations and the Board's denial of its permit violate the Free Exercise and Equal Protection Clauses of the Constitution, RLUIPA, and NJLAD. (*See* Compl. ¶¶ 159–174.) Plaintiff seeks declaratory relief that the Regulations and denial of Plaintiff's application are void, invalid, and unconstitutional; injunctive relief preventing the Township from applying the Regulations to Plaintiff; an order reversing the Board's denial of the permit; and compensatory damages. (*Id.* at 33–35.)

On April 19, 2021, Defendants filed a Motion to Dismiss. (ECF No. 11.) Plaintiff filed an Opposition on May 3, 2021 (ECF No. 12), and Defendants filed a Reply on May 7, 2021 (ECF No. 14). On June 22, 2021, the Township adopted the Amended Regulations. (Decl. of Compliance ¶ 6.) Defendant's Motion to Dismiss is presently before this Court.

## **LEGAL STANDARD**

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"

*Id.* (quoting *Iqbal*, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Third, 'whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement [to] relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Although a district court generally must confine its review to the pleadings on a Rule 12(b)(6) motion, "a court may consider certain narrowly defined types of material" beyond the pleadings, including "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *See* Fed. R. Civ. P. 12(d); *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). A court may also consider "document[s] . . . explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis omitted).

## DISCUSSION

### I.  Plaintiff's Facial and As-Applied Challenges

Defendant moves to dismiss Plaintiff's claim on justiciability and exhaustion grounds. (*See* Def.'s Br. at 25–26.) First, Defendant argues that Plaintiff's demands for relief "have largely been addressed by the [Consent Order]." (*Id.* at 26.) Because the Township has passed the Amended Regulations, the Court addresses this point as a mootness argument. Second, Defendant argues that Plaintiff's claims are not ripe because, "as asserted, [the claims] have readily available administrative and state judicial remedies that could be sought to remedy an

alleged wrong," and that "Plaintiff's failure to follow the appropriate procedure to obtain a zoning permit is fatal to [its] claims." (*Id.*)

To address Defendant's mootness and ripeness arguments, the Court must consider whether Plaintiff brought each claim as a facial or as-applied challenge. *See CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 624–26 (3d Cir. 2013). Plaintiff appears to bring all seven counts as both facial and as-applied challenges. On Free Exercise and RLUIPA grounds (Counts I–IV, VI), Plaintiff claims that the Regulations deprive all religious groups of religious exercise and the Board's denial of the permit application to build its *shul* deprives Plaintiff of its own religious exercise. (Pl.'s Opp'n at 10, ECF No. 12.) On Equal Protection grounds (Count V), Plaintiff claims that the Regulations on their face deprive all religious groups equal protection of the laws, and the denial of its permit application deprives Plaintiff specifically equal protection under the laws. (Compl. ¶¶ 167–68; *see also* Pl.'s Opp'n at 9.)

Plaintiff also brings one state law claim (Count VII), alleging that the Defendants violated NJLAD by "denying Plaintiff, on the basis of religion, the opportunity to obtain the accommodations, advantages, facilities, and privileges of ownership of real property . . . " (*Id.* ¶¶ 171–72.) The Court exercises supplemental jurisdiction over this claim. *Cf. Congregation Kollel, Inc. v. Twp. of Howell, N.J.*, 2017 WL 637689, at *1 (D.N.J. Feb. 16, 2017).

**II.      Matters Outside the Pleadings**

To determine whether this action presents a live controversy, the Court considers the Land Use Code, the Amended Regulations, and matters on the docket of *United States v. Township of Toms River*, Civ. No. 21-4633 (D.N.J.), which are not attached in the pleadings. (*See generally* Compl.)

The Court may consider these documents in deciding this Motion because they are "matters of public record" and "incorporated by reference or integral to the claim." *See Angstadt v. Midd-W. Sch. Dist.*, 377 F.3d 338, 342–43 (3d Cir. 2004) (finding that the court could consider challenged school requirements, despite the requirements not being attached to the complaint); *Churchill v. Star Enterprises*, 183 F.3d 184, 190 n.5 (3d Cir. 1999) (noting that proceedings filed on the public docket are "matters of public record").

### III.     Mootness

"The doctrine of mootness requires that 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 343 (3d Cir. 2003) (quoting *N.J. Tpk. Auth. v. Jersey Cent. Power*, 772 F.2d 31 (3d Cir. 1985)). "If a claim no longer presents a live case or controversy, the claim is moot and the federal court lacks jurisdiction to hear it." *Nextel W. Corp. v. Unity Township*, 282 F.3d 257, 261 (3d Cir. 2002).

#### A.     *Facial Challenges*

When a plaintiff brings a facial challenge to a regulation seeking prospective injunctive or declaratory relief, "[a]n amendment that removes the challenged aspects of [the] statute or ordinance moots [the] claim of the challenged law." *8 Erie St. JC LLC v. City of Jersey City*, 2020 WL 2611540, at *2 (D.N.J. May 21, 2020) (citing to *Nextel W. Corp.*, 282 F.3d at 261–62); *Lighthouse Inst. for Evangelism, Inc. v. City of Long Branch*, 510 F.3d 253, 260 (3d Cir. 2007).

Here, the Amended Regulations render Plaintiff's facial challenges to the Regulations moot insofar as they request prospective declaratory or injunctive relief because they remove the "challenged aspects" of the Regulations. *See 8 Erie St. JC LLC*, 2020 WL 2611540, at *2. Specifically, Plaintiff challenges the Regulations' prohibition of places of worship in the RR

10

zone, the minimum acreage and lot width requirements, and the maximum impervious surface coverage requirement (Compl. ¶ 76), and the Amended Regulations allow places of worship in the RR and other residential zones as a conditional use, allow places of worship in other zones as a permitted use, lower minimum acreage and lot width requirements, and increase the maximum impervious coverage requirements, *see* Land Use Code §§ 348-9.5; 10.4.D.(1); 10.5.D.(1); 10.6.D.(1); 10.26.A.(21); 10.27.1.B.(26); 10.27.2.B.(26).

However, a "viable claim for damages" may "save[]" a case from mootness. *Khodara Env't, Inc. ex rel. Eagle Env't L.P. v. Beckman*, 237 F.3d 186, 196 (3d Cir. 2001); *8 Erie St. JC LLC*, 2020 WL 2611540, at *2 (finding that "an amendment that removes the challenged aspects of [a] statute . . . does not necessarily moot a plaintiff's claims for compensatory damages or attorneys' fees"). The Third Circuit has limited this principle to First Amendment challenges, to which "'[t]he courts have repeatedly shown solicitude . . . with regard to facial challenges to a statute.'" *CMR D.N. Corp.*, 703 F.3d at 625 (quoting *Peachlum v. City of York*, 333 F.3d 429, 435–36 (3d Cir.2003); *see also Lighthouse Inst.*, 510 F.3d at 261 (allowing facial challenges under RLUIPA and the Free Exercise Clause to move forward despite city redevelopment plan superseding the challenged regulation). But, the Third Circuit has stated that "damages are not a proper remedy" for facial challenges on Equal Protection grounds; thus, the amendment of the challenged features of a regulation renders facial Equal Protection challenges moot regardless of whether the plaintiff sought damages. *See CMR D.N. Corp.*, 703 F.3d at 624–25.

Here, Plaintiff seeks damages on all counts, (Compl. at 35), arguing that both the Regulations on their face and the denial of its permit caused financial losses, *e.g.*, "rental costs from lease space at its current location." (Pl.'s Opp'n at 7). These claims for damages "save[] from mootness" Plaintiff's facial First Amendment and RLUIPA challenges, *see Khodara Env't*,

11

237 F.3d at 196, but not Plaintiff's Equal Protection challenge, *see CMR D.N. Corp.*, 703 F.3d at 624–25. Thus, Plaintiff's facial challenge on Equal Protection grounds is dismissed as moot.

      B.      *As-Applied Challenges*

The amendment of challenged regulations does not necessarily prevent a plaintiff from challenging prohibited past conduct in an as-applied challenge. *See Nextel W. Corp.*, 282 F.3d at 264 (finding an as-applied challenge to a denial of a variance not moot because it was "a claim of past discriminatory conduct," despite amendment of the governing regulation).

Plaintiff brings as-applied challenges to the Board's denial of its permit on all counts, seeking both compensatory damages and an "order reversing the [Board's decision], ordering the [Board] to grant Plaintiff's [a]pplication." (Compl. at 34.) Because the Township's denial of Plaintiff's permit application is alleged "past discriminatory conduct," the Court finds Plaintiff's as-applied challenges not moot. *See Nextel W. Corp.*, 282 F.3d at 264. However, the Court limits this finding to claims for damages. The Court will dismiss Plaintiff's request that the Court reverse the Board's decision and grant the application on ripeness grounds, discussed below.

**IV.**    **Ripeness**

"The ripeness doctrine serves to 'determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'" *Khodara Env't, Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir. 2004) (quoting *Peachlum*, 333 F.3d at 433 (internal citations omitted)). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Heir v. Delaware River Port Authority*, 218 F. Supp. 2d 627, 634 (D.N.J. 2002) (quoting *Texas v. U.S.*, 523 U.S. 296, 300 (1998)).

A.   *Facial Challenges*

Because the Court dismissed as moot Plaintiff's facial Equal Protection challenge and all other facial challenges seeking prospective injunctive or declaratory relief, the Court considers only the ripeness of the facial Free Exercise, RLUIPA, and NJLAD challenges that seek damages. These challenges are ripe because facial challenges to regulations are ripe upon the "mere enactment of [that] regulation." *Cnty. Concrete Corp. v. Town of Roxbury*, 442 F.3d 159, 164 (3d Cir. 2006); *see also Peachlum*, 333 F.3d at 436 ("[A] facial First Amendment challenge is not normally subject to administrative finality analysis under any circumstances.")

B.   *As-Applied Challenges*

To determine whether a case is ripe for review in the context of land use disputes, the district court should consider whether the plaintiff gave "local land-planning authorities the opportunity to render a final decision on the nature and extent of the impact of the zoning ordinances on plaintiff's property." *Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1290 (3d Cir. 1993) (citing *Williamson Cnty. Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 193 (1985)).[2]

The "final decision" requirement prevents a plaintiff from challenging a land use board's decision until it reaches a "definitive position" regarding the property in question. *Williamson*

---

[2] *Williamson County* also required the court to consider whether the plaintiff has exhausted state procedures before filing a suit in federal court. 473 U.S. at 193. Despite Defendants' argument that Plaintiff has failed to exhaust state remedies (*see* Mot. at 13–14), *Williamson County* involved a takings claim, which Plaintiff does not bring here. The Third Circuit has required only finality (and not exhaustion of state remedies) to establish ripeness in non-takings constitutional and statutory claims. *See Congregation Anshei Roosevelt v. Plan. & Zoning Bd. of Borough of Roosevelt*, 338 F. App'x 214, 217 (3d Cir. 2009) (applying the finality requirement in Free Exercise and RLUIPA challenges); *Congregation Kollel*, 2017 WL 637689, at *6 ("Because constitutional claims in these cited-cases do not involve just compensation, the second prong of *Williamson* does not apply.")

*Cnty.*, 473 U.S. at 191. This allows full development of the factual record and prevents courts from deciding a constitutional issue when administrative action could resolve the dispute. *See id.* at 190–91; *Congregation Anshei*, 338 F. App'x at 217; *Taylor Inv., Ltd.*, 983 F.2d at 1294–95. To determine if the land use board reached a "definitive position," the Third Circuit considers "(1) whether an immediate injury has been sustained; and (2) whether further development of the factual record would result in improvements in the administration of justice." *Congregation Kollel*, 2017 WL 637689, at *9 (citing *Congregation Anshei*, 338 F. App'x at 218–19).

Two cases are illustrative in determining whether land use decisions are final. In *Congregation Anshei*, the Third Circuit determined that a religious school's Free Exercise and RLUIPA claims were not ripe when the proposed use was permitted as a "conditional use" in the relevant zone, but the school had not applied for a variance. *See* 338 F. App'x at 218–19. The court reasoned that the land use board's consideration of a variance application would provide key factual development to the record, specifically, "the potential effect of the use, and whether (and, if yes, to what extent) the use [was] permitted." *Id.* at 218. Without the determination of whether the use was permitted, the court determined that the zoning board "ha[d] not issued a definitive position" as to the proposed land use and thus, the challenge was not ripe. *Id.*

By contrast, in *Congregation Kollel*, a court found the zoning board's decision "final" when the plaintiff applied for a use that, on appeal, the zoning board of appeals interpreted as "not a permitted use" in the relevant zone. 2017 WL 637689, at *10. There, the court reasoned that the zoning board of appeals' decision was final because it held two hearings on the matter, "considered substantial evidence[,] and came to its conclusion that [the plaintiffs'] proposed use" was prohibited in the proposed zone. *Id.* Because the zoning board had determined that the proposed use was prohibited, the court determined that a variance application "would not be

14

developing additional factual record on that already-decided issue," but would "seek only to determine whether [the] [p]laintiffs' proposed use could be permitted by the Board to depart from the [o]rdinance's requirements." *Id.* (citing *Puleio v. North Brunswick Tp. Bd. Of Adjustment*, 375 N.J. Super. 613, 619 (App. Div. 2005)). The court also reasoned that, because the plaintiffs already suffered injury from the denied application, they should not continue to suffer injury while the land use board of appeals considered a variance application for a use that it already concluded was not permitted. *Id.*

Here, Plaintiff's challenge to the Board's permit denial is ripe because (1) Plaintiff has alleged immediate injury and (2) further factual findings would not significantly develop the record. *See id.* at *9. First, Plaintiff has alleged financial losses and inability to exercise its religion due to the permit denial, and that it would continue suffer these injuries during the Board's review of a variance application. (Compl. ¶¶ 13–45; Pl.'s Opp'n at 7.)

Second, the factual record does not need additional development. After reviewing the initial application with the zoning officer, holding a meeting on appeal, and hearing from Plaintiff's representative, the Board determined that the use was "not a permitted use in the RR Zone." (Board Resolution at 1.) The Board made this determination after weighing factual evidence — both in Plaintiff's application and at the meeting in January 2021. (*Id.*) Because the Board already found the proposed use was prohibited in the proposed zone, this is not a case where a variance application would have clarified the record. *See Congregation Anshei*, 338 F. App'x at 218–19. Rather, a variance application would serve to determine whether the Board would permit Plaintiff's application to "depart from the [Regulations'] requirements." *See Congregation Kollel*, 2017 WL 637689 at *10. Thus, Plaintiff's as-applied claims seeking damages are ripe for review.

15

The Court will limit its review of Plaintiff's as-applied challenges to whether Plaintiff is entitled to damages. Plaintiff's request that the Court reverse the Board's permit denial and order the Board to issue Plaintiff's permit to build its *shul* is not ripe. (*See* Compl. at 34.) Now that the Amended Regulations allow places of worship as a conditional use in the RR Zone, Plaintiff may seek a variance to determine whether the Board will permit its *shul* as a conditional use. *See Congregation Anshei*, 338 F. App'x at 218–19. The Board, and not the Court, is positioned to review the variance application and to assess the "potential effect of the use, and whether (and, if yes, to what extent) the use is permitted" under the Amended Regulations. *See id.* at 218. Thus, the Court dismisses this request without prejudice.

In sum, the Court grants Defendants' Motion to Dismiss as to Plaintiff's facial challenge to the Regulations on Equal Protection grounds, which the Court finds moot under the Amended Regulations. The Court denies Defendants' Motion to Dismiss as to Plaintiff's facial challenges under the Free Exercise clause, RLUIPA, and NJLAD, and Plaintiff's as-applied challenges under the Free Exercise and Equal Protection clauses, RLUIPA, and NJLAD. These claims present a live controversy, and may move forward only insofar as they seek damages.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is granted in part and denied in part. An appropriate Order will follow.

Date: <u>December 3, 2021</u>　　　　　　　　　　　　*/s/ Anne E. Thompson*
　　　　　　　　　　　　　　　　　　　　　　　　ANNE E. THOMPSON, U.S.D.J.