METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
harrison@methwerb.com
Attorneys for Township of Toms River, Jersey and Township
of Toms River Zoning Board of Adjustment
Our File No.  90349 ELH

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHAL ANSHEI TALLYMAWR INC.<br><br>            Plaintiff,<br><br>V.<br><br>TOWNSHIP OF TOMS RIVER, NEW JERSEY, AND TOWNSHIP OF TOMS RIVER ZONING BOARD OF ADJUSTMENT<br><br>            Defendants. | Civil Action No. 3:21-cv-02716-AET-DEA<br><br>Civil Action<br><br><br>**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendants, Township Of Toms River, New Jersey, And Township Of Toms River Zoning Board Of Adjustment, by way of Answer to the First Amended Complaint filed herein says:

**NATURE OF THE ACTION**

1.    Denied.

2.    The Defendants cannot admit or deny the allegations contained in Paragraph 2 of the First Amended Complaint because the Defendants do not have sufficient information to form a belief as to the

truth of the allegations contained in this paragraph. Plaintiffs are left to their proofs.

3. Denied.

4. Admit that houses of worship were not permitted uses in the Rural Residential Zone. Pursuant to the consent order filed on Docket No. 3:21-CV-04633 between the Department of Justice and the Township of Toms River, houses of worship are permitted as a conditional use in the RR zones as of the approval to the ordinance amendments on July 13, 2021.

5. Denied.

6. Denied.

7. Admit insofar as the DOJ instituted an action and a consent order was entered with the USDOJ. Thereafter amendments to the Township Ordinances were made on July 11, 2021 following a review and approval by the DOJ. Thereafter the DOJ informed the Township of a certain provision that may be discriminatory, which appeared to have been a mutual oversight by the Township and DOJ. The Township again amended its Ordinances to be compliant with the consent order entered into with the USDOJ. Denied as to the balance of this allegation.

## JURISDICTION AND VENUE

8.    Admitted.

9.    Admitted.

## PARTIES

10.   Defendants are without knowledge or information
      sufficient to form a belief as to the truth of the
      allegations contained in Paragraph 10 of the First
      Amended Complaint.

11.   Admitted.

12.   Admitted.

## FACTUAL ALLEGATIONS

### Plaintiff's Religious Exercise

13.   The allegations contained in Paragraph 13 of the First
      Amended Complaint do not pertain to Defendants, as
      such Defendants make no answers thereto. Further
      Defendants are without knowledge or information
      sufficient to form a belief as to the truth of the
      allegations contained herein.

14.   The allegations contained in Paragraph 14 of the First
      Amended Complaint do not pertain to Defendants, as
      such Defendants make no answers thereto. To the extent
      that this allegation references a document, the
      document speaks for itself.

15.  Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 15 of the First Amended Complaint and leave Plaintiffs to their proofs.

16.  The allegations contained in Paragraph 16 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

17.  The allegations contained in Paragraph 17 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

18.  The allegations contained in Paragraph 18 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

19.  The allegations contained in Paragraph 19 of the First Amended Complaint do not pertain to Defendants, as

such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

20. The allegations contained in Paragraph 20 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

21. The allegations contained in Paragraph 21 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

22. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 22 of the First Amended Complaint and leave Plaintiffs to their proofs.

23. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 23 of the First Amended Complaint and leave Plaintiffs to their proofs.

24. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 24 of the First Amended Complaint and leave Plaintiffs to their proofs.

25. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 25 of the First Amended Complaint and leave Plaintiffs to their proofs.

26. The allegations contained in Paragraph 26 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

27. The allegations contained in Paragraph 27 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

28. The allegations contained in Paragraph 28 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations contained herein.

29. The allegations contained in Paragraph 29 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

30. The allegations contained in Paragraph 30 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

31. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 31 of the First Amended Complaint and leave Plaintiffs to their proofs.

32. The allegations contained in Paragraph 32 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

33.   The allegations contained in Paragraph 33 of the First
      Amended Complaint do not pertain to Defendants, as
      such Defendants make no answers thereto. Further
      Defendants are without knowledge or information
      sufficient to form a belief as to the truth of the
      allegations contained herein.

34.   Defendants are without knowledge or information
      sufficient to admit or deny the allegations set forth
      in Paragraph 34 of the First Amended Complaint and
      leave Plaintiffs to their proofs.

35.   The allegations contained in Paragraph 35 of the First
      Amended Complaint do not pertain to Defendants, as
      such Defendants make no answers thereto. Further
      Defendants are without knowledge or information
      sufficient to form a belief as to the truth of the
      allegations contained herein.

36.   Defendants are without knowledge or information
      sufficient to admit or deny the allegations set forth
      in Paragraph 36 of the First Amended Complaint and
      leave Plaintiffs to their proofs.

37.   Defendants are without knowledge or information
      sufficient to admit or deny the allegations set forth
      in Paragraph 37 of the First Amended Complaint and
      leave Plaintiffs to their proofs.

38. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 38 of the First Amended Complaint and leave Plaintiffs to their proofs.

39. The allegations contained in Paragraph 38 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

40. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 40 of the First Amended Complaint and leave Plaintiffs to their proofs.

41. The allegations contained in Paragraph 41 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

42. The allegations contained in Paragraph 42 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations contained herein.

43. The allegations contained in Paragraph 43 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

44. The allegations contained in Paragraph 44 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

45. The allegations contained in Paragraph 45 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

### Subject Property

46. Admitted.

47. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth

in Paragraph 47 of the First Amended Complaint and leave Plaintiffs to their proofs.

48. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 48 of the First Amended Complaint and leave Plaintiffs to their proofs.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 53 of the First Amended Complaint and leave Plaintiffs to their proofs.

54. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 54 of the First Amended Complaint and leave Plaintiffs to their proofs.

**Applicable Land Use Regulations**

55. Admitted.

56. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

57. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

58. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

59. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

60. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

61. Denied. Pursuant to New Jersey's Municipal Land Use Law (MLUL), plaintiffs were always free to seek a variance.

62. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

63.   Admitted. However, the subject ordinances were revised
      in accordance with the consent order entered into
      between the Township and the United States Department
      of Justice on Docket No. 3:21-CV-04633 allowing houses
      of worship as a conditional use in the RR Zone.
      Following a review and approval of the revised
      Ordinances by the United States Department of Justice,
      the amendments to the Ordinances were approved by the
      Township on July 13, 2021.

64.   Admitted. However, the subject ordinances were revised
      in accordance with the consent order entered into
      between the Township and the United States Department
      of Justice on Docket No. 3:21-CV-04633 allowing houses
      of worship as a conditional use in the RR Zone.
      Following a review and approval of the revised
      Ordinances by the United States Department of Justice,
      the amendments to the Ordinances were approved by the
      Township on July 13, 2021.

65.   Admitted. Plaintiff's allegation outlines the then
      existing ordinance. However, the subject ordinance was
      revised in accordance with the consent order entered
      into between the Township and the United States
      Department of Justice on Docket No. 3:21-CV-04633

allowing houses of worship as a conditional use in the RR Zone. Following a review and approval of the revised Ordinances by the United States Department of Justice, the amendments to the Ordinances were approved by the Township on July 13, 2021.

66. Denied.

67. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 67 of the First Amended Complaint and leave Plaintiffs to their proofs.

68. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 68. However, the Ten Acre Requirement for houses of was eliminated and revised to a Two Acre Requirement following the United States Department of Justice review and approval of the Township's revised Ordinance. The Township subsequently adopted the same on July 13, 2021.

69. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 69 of the First Amended Complaint and leave Plaintiffs to their proofs.

70. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth

in Paragraph 70 of the First Amended Complaint and leave Plaintiffs to their proofs.

71. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

72. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

73. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

74. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

75. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

76. Denied.

## **Application**

77.  Admitted.

78.  Admitted that an application was filed.

79.  Denied.

80.  Admitted.

81.  Insofar as the allegations of Paragraph 81 do not state a claim for relief against Defendants, Defendants make no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against Defendants, they are denied and Plaintiffs are left to their proofs.

82.  Admitted. The denial also detailed various other reasons for the application's denial including the failure to obtain approval for its site plan.

83.  Insofar as the allegations of Paragraph 83 do not state a claim for relief against Defendants, Defendants make no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against Defendants, they are denied and Plaintiffs are left to their proofs

84.  Denied. The denial also detailed various other reasons for the application's denial including the failure to obtain approval for its site plan.

**<u>ZONING BOARD OF APPEALS DECISION</u>**

85. Admitted.

86. Denied. The denial also detailed various other reasons for the application's denial including the failure to obtain approval for its site plan.

87. Paragraph 85 asserts a contention of law, as such, Defendants make no response thereto. To the extent that Plaintiff is asserting allegations of fact, same are denied.

88. Admitted.

89. Admitted.

90. Denied.

## Hostility Toward Orthodox Jews in Toms River

91. Denied.

92. Denied.

93. Admitted as to passage of Ordinance. Denied as to the remainder of this paragraph.

94. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 94 of the First Amended Complaint and leave Plaintiffs to their proofs.

95. Admit as to the Township acquiring property to preserve open space. Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations as to the use of the properties for potential synagogues.

96. Defendants deny the allegations contained in Paragraph 96 of the First Amended Complaint.

97. Denied.

98. Denied.

99. Admitted as to Township Council's approval of ordinance 4508-16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 99.

100. Admitted as to Township Council's approval of ordinance 4558-17.

101. Admitted that such quotes were attributed to Mayor Kelaher. However, these quotes were not specifically Kelaher's own words.

102. Admitted that the Anti-Defamation League and Agudath Israel of America condemned quotes that were attributed to Mayor Kelaher which were not Kelaher's own words.

103. Admitted that such quotes were attributed to Mayor Kelaher. However, these quotes were not specifically Kelaher's own words.

104. Admitted that such quotes were attributed to Mayor Kelaher. However, these quotes were not specifically Kelaher's own words.

105. Admitted that such quotes were attributed to Mayor Kelaher.

106. Insofar as the allegations of Paragraph 103 do not state a claim for relief against Defendants, Defendants make no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against Defendants, they are denied.

107. Admitted as to graffiti being located in Riverwood Park.

108. Admitted as to Police statement regarding Riverwood Park graffiti. Denied as to the remainder of Paragraph 108 of the First Amended Complaint.

109. Admitted that further graffiti was found in Riverwood Park. The Township promptly removed the vandalized table.

110. The allegations contained in Paragraph 110 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

111. The allegations contained in Paragraph 111 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

112. The allegations contained in Paragraph 112 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

113. The allegations contained in Paragraph 113 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

114. The allegations contained in Paragraph 114 and subparagraphs 1 and 2 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

115. Admit as to passing of Ordinance imposing a temporary moratorium on real estate solicitation in North Dover addressing the conduct of solicitors regardless of religious affiliation. Denied as to the remainder of Paragraph 115.

116. Denied.

117. Denied.

118. The allegations contained in Paragraph 116 as well as subparagraphs 1-3 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

119. Denied.

120. Denied.

121. The allegations contained in Paragraph 121 and subparagraphs 1-4 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

122. The allegations contained in Paragraph 122 and sub paragraphs 1-35 of the First Amended Complaint do not pertain to Defendants, as such Defendants make no

answers thereto. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

123. Insofar as the allegations of Paragraph 123 do not state a claim for relief against Defendants, Defendants make no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against Defendants, they are denied.

124. Admitted. The referendum ultimately failed when it was presented as a binding referendum in 2018.

125. Admitted.

126. Admitted that such an order was entered.

127. Insofar as the allegations of Paragraph 127 do not state a claim for relief against Defendants, Defendants make no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against Defendants, they are denied.

128. Insofar as the allegations of Paragraph 128 do not state a claim for relief against Defendants, Defendants make no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against Defendants, they are denied.

129. Admitted.

130. Admitted.

131. Admitted.

132. Admitted insofar as to the quoted text of the report. Denied that the report is an admission of any kind.

133. Admitted insofar as to the quoted text of the report. Denied that the report is an admission of any kind.

134. Admitted insofar as to the quoted text of the report. Denied that the report is an admission of any kind.

135. Admitted insofar as to the quoted text of the report. Denied that the report is an admission of any kind.

136. Admitted insofar as to the quoted text of the report. Denied that the report is an admission of any kind.

137. Denied. Currently such uses are a conditional used pursuant to Ordinance 4700-21 which lowered the lot size for houses of worship to two acres.

138. Admitted insofar as to the quoted text of the report. Denied that the report is an admission of any kind.

139. Admitted insofar as to the quoted text of the report. Denied that the report is an admission of any kind.

140. Denied. Currently such uses are a conditional used pursuant to Ordinance 4700-21 which lowered the lot size for houses of worship to two acres.

141. Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations contained herein and leave Plaintiff to its proofs.

142. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave Plaintiff to its proofs.

143. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave Plaintiff to its proofs.

144. Admitted.

145. Admitted.

146. To the extent that Plaintiffs are referring to the contents of a document, the document speaks for itself.

147. Admitted.

148. Admitted.

149. Admitted.

150. To the extent that Plaintiffs are referring to the contents of a document, the document speaks for itself.

151. To the extent that Plaintiffs are referring to the contents of a document, the document speaks for itself.

152. To the extent that Plaintiffs are referring to the contents of a document, the document speaks for itself.

153. To the extent that Plaintiffs are referring to the contents of a document, the document speaks for itself.

154. To the extent that Plaintiffs are referring to the contents of a document, the document speaks for itself.

155. Admitted.

156. Denied.

157. Denied.

158. To the extent that Plaintiffs refer to a prior code section, the code section speaks for itself.

159. Admitted.

160. Denied.

161. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave Plaintiff to its proofs.

162. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave Plaintiff to its proofs.

163. Denied.

164. Denied.

165. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave Plaintiff to its proofs.

166. Denied.

167. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave Plaintiff to its proofs.

168. Denied.

169. Denied as to the Ordinance treating uses more favorably. To the extent that Plaintiffs refer to the code sections, the code sections referenced speak for themselves.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. To the extent that Plaintiffs refer to the Township Code Section referring to "Churches and Places of worship" the code speaks for itself.

175. To the extent that Plaintiffs refer to the Township Code, the code speaks for itself.

176. To the extent that Plaintiffs refer to the Township Code, the code speaks for itself.

177. To the extent that Plaintiffs refer to the Township Code, the code speaks for itself.

178. To the extent that Plaintiffs refer to the Township Code, the code speaks for itself.

179. To the extent that Plaintiffs refer to the Township Code, the code speaks for itself.

180. To the extent that Plaintiffs refer to the Township Code, the code speaks for itself.

181. To the extent that Plaintiffs refer to the Township Code, the code speaks for itself.

182. Paragraph 182 asserts a contention of law and, as such, Defendants make no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

183. To the extent that Plaintiffs refer to the Township Code, the code speaks for itself.

184. To the extent that Plaintiffs refer to the Township Code, the code speaks for itself.

185. To the extent that Plaintiffs refer to the Township Code, the code speaks for itself.

186. To the extent that Plaintiffs refer to the Township Code, the code speaks for itself.

187. To the extent that Plaintiffs refer to the Township Code, the code speaks for itself.

188. Paragraph 188 asserts a contention of law and, as such, Defendants make no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

189. Admitted.

190. Admitted. To the extent that Plaintiffs refer to the contents of a document, the document speaks for itself.

191. Admitted. To the extent that Plaintiffs refer to the contents of a document, the document speaks for itself.

192. Admitted. To the extent that Plaintiffs refer to the contents of a document, the document speaks for itself.

193. Admitted.

194. Admitted as to the parking standard. Denied as to Plaintiff's characterization of the same.

195. Admitted as to the parking standard. Denied as to Plaintiff's characterization of the same as onerous.

196. Denied.

197. Denied.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Paragraph 203 asserts a contention of law and, as such, Defendants make no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

204. Paragraph 204 asserts a contention of law and, as such, Defendants make no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

205. Paragraph 205 asserts a contention of law and, as such, Defendants make no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

206. Paragraph 206 asserts a contention of law and, as such, Defendants make no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

207. Paragraph 207 asserts a contention of law and, as such, Defendants make no response thereto. To the

extent that Plaintiffs are asserting allegations of fact, same are denied.

208. Paragraph 208 asserts a contention of law and, as such, Defendants make no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

209. Paragraph 209 asserts a contention of law and, as such, Defendants make no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

210. Paragraph 210 asserts a contention of law and, as such, Defendants make no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

211. Paragraph 211 asserts a contention of law and, as such, Defendants make no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

212. Paragraph 212 asserts a contention of law and, as such, Defendants make no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

213. Paragraph 213 asserts a contention of law and, as such, Defendants make no response thereto. To the

extent that Plaintiffs are asserting allegations of fact, same are denied.

214. Paragraph 214 asserts a contention of law and, as such, Defendants make no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

215. Paragraph 215 asserts a contention of law and, as such, Defendants make no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

216. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216 of the First Amended Complaint and leaves the Plaintiff to their proofs.

217. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217 of the First Amended Complaint and leaves the Plaintiff to their proofs.

218. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 218 of the First

Amended Complaint and leaves the Plaintiff to their proofs.

### COUNT I
**Violation of Religious Land Use and Institutionalized Person Act of 2000 – "Substantial Burdens" 42 U.S.C. §2000cc(a)**

219. Defendants repeat and reiterate their answers to all of the previous allegations of the First Amended Complaint with full force and effect as though more fully set forth herein at length.

220. Denied.

### COUNT II
**Violation of Religious Land Use and Institutionalized Person Act of 2000 – "Nondiscrimination" 42 U.S.C. §2000cc(b)(2)**

221. Defendants repeat and reiterate their answers to all of the previous allegations of the First Amended Complaint with full force and effect as though more fully set forth herein at length.

222. Denied.

### COUNT III
**Violation of Religious Land Use and Institutionalized Person Act of 2000 – "Equal Terms" 42 U.S.C. §2000cc(b)(1)**

223. Defendants repeat and reiterate their answers to all of the previous allegations of the First Amended

Complaint with full force and effect as though more

fully set forth herein at length.

224. Denied.

**COUNT IV**
**Violation of Religious Land Use and Institutionalized**
**Person Act of 2000 42 U.S.C. §2000cc(b)(3)(B)**
**"Exclusion and Limits": Unreasonable Limitation**

225. Defendants repeat and reiterate their answers to all

of the previous allegations of the First Amended

Complaint with full force and effect as though more

fully set forth herein at length.

226. Denied.

**COUNT V**
**United States Constitution**
**42 U.S.C. §1983: Fourteenth Amendment Equal Protection**

227. Defendants repeat and reiterate their answers to all

of the previous allegations of the First Amended

Complaint with full force and effect as though more

fully set forth herein at length.

228. Denied.

**COUNT VI**
**United States Constitution**
**42 U.S.C. §1983: First Amendment Free Exercise of**
**Religion**

229. Defendants repeat and reiterate their answers to all

of the previous allegations of the First Amended

Complaint with full force and effect as though more

fully set forth herein at length.

230. Denied.

**WHEREFORE,** Defendants demand judgment dismissing the Plaintiff's Complaint herein, together with costs of suit.


### FIRST SEPARATE DEFENSE

The First Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

This Court does not have jurisdiction over all claims asserted.

### THIRD SEPARATE DEFENSE

Any and all injuries and damages were proximately caused by actions or negligence of plaintiff or by persons not under the control of this defendant.

### FOURTH SEPARATE DEFENSE

Any and all injuries and damages were caused solely by the intentional behavior of the plaintiff.

### FIFTH SEPARATE DEFENSE

Defendants owed no legal duty to the plaintiff.

### SIXTH SEPARATE DEFENSE

Defendants breached no duty owed to the plaintiff.

### SEVENTH SEPARATE DEFENSE

Defendants performed each and every duty, if any, owed to plaintiff.

### EIGHTH SEPARATE DEFENSE

Plaintiff has not been deprived of any right, privilege, or immunity created or recognized by the United States Constitution, the New Jersey Constitution, any statute, or any law.

## NINTH SEPARATE DEFENSE

Defendants affirmatively and specifically plead each and every defense, limitation, and immunity, and protection provided under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., and hereby place plaintiff on notice that each such statutory provision is hereby raised as a separate and affirmative defense throughout every stage of the case.

## TENTH SEPARATE DEFENSE

Any actions or failure to act on the part of defendants were in the nature of the discretionary activity within meaning of N.J.S.A. 59:2-3.

## ELEVENTH SEPARATE DEFENSE

Defendants are entitled to the good faith immunity established by N.J.S.A. 59:3-3.

## TWELFTH SEPARATE DEFENSE

Plaintiff failed to comply with the conditions precedent for making any claim against defendants by not filing the claim in the manner and within the time provided by N.J.S.A. 59:8-3, 59:8-4, 59:8-5, 59:8-7, and 59:8-8.

## THIRTEENTH SEPARATE DEFENSE

The plaintiff(s) failed to file a timely notice of claim as required by N.J.S.A. 59:8-8, et. seq.

## FOURTEENTH SEPARATE DEFENSE

Defendants are entitled to immunity under <u>N.J.S.A.</u> 59:2-2.

### FIFTEENTH SEPARATE DEFENSE

Defendants neither took nor sanctioned any of the actions alleged by plaintiff.

### SIXTEENTH SEPARATE DEFENSE

Any action or inaction on the part of defendant was the result of the exercise of judgment or discretion vested in defendants within the meaning of the applicable law.

### SEVENTEENTH SEPARATE DEFENSE

Defendants acted in good faith without malicious intent in carrying out all duties.

### EIGHTEENTH SEPARATE DEFENSE

Defendants at all times acted reasonably, in good faith, and in accordance with all applicable laws of the United States, State of New Jersey, and local ordinances.

### NINETEENTH SEPARATE DEFENSE

All of the acts of defendants were performed in good faith and Defendants are therefore entitled to qualified immunity.

### TWENTIETH SEPARATE DEFENSE

Defendants are entitled to absolute immunity.

### TWENTY-FIRST SEPARATE DEFENSE

To the extent alleged, if any, defendants did not engage in a conspiracy against plaintiff and did not have a custom, plan or practice that violated plaintiff's rights.

### TWENTY-SECOND SEPARATE DEFENSE

Punitive damages cannot be awarded against Defendants under both common law and statute.

### TWENTY-THIRD SEPARATE DEFENSE

Plaintiff is not entitled to an award of economic damages against Defendants.

### TWENTY-FOURTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of interest against Defendants.

### TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of counsel fees against Defendants.

### TWENTY-SIXTH SEPARATE DEFENSE

Defendants did not violate any duty owed to plaintiff under common law, statute, regulations, or standards.

### TWENTY-SEVENTH SEPARATE DEFENSE

Defendants were acting pursuant to law in performing any of the acts alleged in the First Amended Complaint.

### TWENTY-EIGHTH SEPARATE DEFENSE

This court lacks jurisdiction over one or more of Plaintiff's claims.

### TWENTY-NINTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### THIRTIETH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, laches, waiver, and/or unclean hands.

### THIRTY-FIRST SEPARATE DEFENSE

Plaintiff failed to take reasonable and necessary measures to mitigate damages.

### THIRTY-SECOND SEPARATE DEFENSE

Defendants reserve their right to assert such other affirmative defenses as continuing investigation and discovery may indicate.

### THIRTY-THIRD SEPARATE DEFENSE

Defendants had legitimate, nondiscriminatory reasons for all acts and omissions of which plaintiff complains.

### THIRTY-FOURTH SEPARATE DEFENSE

Plaintiff has failed to exhaust all available administrative remedies.

### THIRTY-FIFTH SEPARATE DEFENSE

Defendants complied with the Religious Land Use and Institutionalized Persons Act's "safe harbor" provision pursuant to 42 USCS § 2000cc-3.

## **JURY DEMAND**

The Defendants hereby demand trial by a jury as to all issues.

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Township Of Toms River, New Jersey, And Township Of Toms River Zoning Board Of Adjustment

By:_____
        Eric L. Harrison

DATED: June 26, 2023

## <u>DESIGNATION OF TRIAL COUNSEL</u>

The Court is advised that Eric L. Harrison is hereby designated as trial counsel on behalf of the defendants, Township Of Toms River, New Jersey, And Township Of Toms River Zoning Board Of Adjustment.

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Township Of
Toms River, New Jersey, And
Township Of Toms River Zoning
Board Of Adjustment


By:_____
    Eric L. Harrison

DATED: June 26, 2023

Our File No.  90349

## CERTIFICATE OF MAILING

The undersigned hereby certifies as follows:

1.  I am employed by the law firm of Methfessel & Werbel.

2.  On June 26, 2023 the undersigned prepared and forwarded copies of the within Answer to the following parties:

> VIA ECF FILING
> Clerk, United States District Court
> Clarkson S. Fisher Federal Bldg. &
> U.S. Courthouse, Room 6000
> 402 E. State St.
> Trenton, NJ 08608
>
> VIA EMAIL:
> christopher.costa@stevenslee.com
> Christopher K. Costa, Esq.
> Stevens & Lee
> Princeton Pike Corporate Center
> 100 Lenox Drive, Suite 200
> Lawrenceville, NJ 08648
>
> VIA EMAIL: rath@storzerlaw.com
> Sieglinde K. Rath, Esq.
> Storzer & Associates, P.C.
> 1025 Connecticut Avenue
> Suite One Thousand
> Washington, D.C. 20036
>
> VIA EMAIL: pick@storzerlaw.com
> Robin Pick, Esq.
> Storzer & Associates, P.C.
> 1025 Connecticut Avenue
> Suite One Thousand
> Washington, D.C. 20036

<u>VIA ELECTRONIC FILING – COURTESY COPY</u>
Honorable Ruksanah L. Singh, U.S.M.J.
U.S. Magistrate Judge
United States District Court
Clarkson S. Fisher Federal Bldg. &
U.S. Courthouse, Courtroom 7W
402 E. State St.
Trenton, NJ 08608


    3.  I certify that the foregoing statements made by me
are true.  I am aware that if any of the foregoing
statements made by me are willfully false, I am subject to
punishment.

_____

Dalton W. Herzog