UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHAL ANSHEI TALLYMAWR, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOWNSHIP OF TOMS RIVER, NEW JERSEY, and TOWNSHIP OF TOMS RIVER ZONING BOARD OF ADJUSTMENT, <br><br> Defendants. | Civil Action No. 21-2716 (RK) (RLS) <br><br> **MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Khal Anshei Tallymawr, Inc.'s ("Plaintiff") Motion to Deem Certain Facts Admitted. (ECF No. 76.) Defendants Township of Toms River and Toms River Zoning Board of Adjustment (together, "Defendants") filed a brief in opposition, (ECF No. 81), to which Plaintiff filed a brief in reply, (ECF No. 88). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion is **DENIED**.

By way of brief background, this suit concerns alleged violations of Plaintiff's religious freedoms under the Free Exercise and Equal Protection Clauses of the United States Constitution, 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc et seq. ("RLUIPA"), and the New Jersey Law Against Discrimination ("NJLAD"). (*See*

ECF No. 1.)[1] Specifically, Plaintiff alleges that Defendants have unlawfully barred Plaintiff from constructing a synagogue on its property based on zoning ordinances aimed at the Orthodox Jewish community in Toms River.

The Honorable Rukhsanah Singh granted in part and denied in part Plaintiff's Motion for Leave to Amend, allowing Plaintiff to file an amended complaint with respect to its claims under the federal Constitution and laws, but recommending that Plaintiff's claim under the NJLAD be dismissed. (ECF No. 48.) Following the Undersigned's Order Adopting the Report and Recommendation of Judge Singh, (ECF No. 71), Plaintiff filed an Amended Complaint, (ECF No. 72). Defendants subsequently filed an Answer. (ECF No. 73.)

Thereafter, Plaintiff filed the subject motion, seeking the Court strike eleven (11) responses in Defendants' Answer and deem the facts admitted. (*See generally*, ECF No. 76.) In particular, Plaintiff points the Court to responses regarding certain Township of Toms River ordinances, in which Defendants state that the ordinance "speaks for itself." (*See id.*, Ex. A.) Plaintiff contends Defendants' responses violate Federal Rule of Civil Procedure 8 and are prejudicial to Plaintiff, forcing them to prove facts which Plaintiff alleges Defendants previously admitted in its answer to Plaintiff's initial Complaint. (*Id.* at 5–8.) In its opposition brief, Defendants do not contest the merits of Plaintiff's argument; instead, Defendants propose amending their Answer to address Plaintiff's concerns. (ECF No. 81.)

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. Fed. R. Civ. P. 8. In response to a claim against it, "a party must . . . admit or deny the allegations asserted against it by an opposing party," or the party must state "that [it] lacks knowledge or information sufficient to form a belief about the truth of an allegation." Fed. R. Civ. P. 8(b). Under Federal Rule of Civil

---

[1] The factual and procedural histories of this matter are well known to the parties and to the Court. The Court therefore recounts only the details necessary to resolve the motion discussed herein.

Procedure 12(f), a district court, "on motion by a party[,] . . . may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. A court may strike answers where a party "disclaim[s] knowledge or information on matters that is clearly within the control or knowledge of the defendant." *JPMorgan Chase Bank, N.A. v. Candor Constr. Grp., Inc.*, No. 08-3836, 2009 WL 10690533, at *2 (D.N.J. Jan. 13, 2009). However, "motions to strike a portion of a pleading are a drastic remedy and have a potential to be used as a dilatory tactic, they are generally viewed with disfavor." *Madjar v. State of N.J.-Dep't of Corr.*, No. 92-5265, 1993 WL 152066, at *2 (D.N.J. Apr. 5, 1993). In response these motions, courts have "easily resolved" the issues by allowing defendants to file an amended answer correcting any deficiencies. *Telford Borough Auth. v. United State Env't Prot. Agency*, No. 12-6548, 2021 WL 4818270, at *2 (E.D. Pa. Oct. 15, 2021) (collecting cases).

In the case at bar, Plaintiff has moved to strike only eleven (11) out of the two-hundred and thirty (230) paragraphs of Defendants' Answer. The Court notes, as Plaintiff points out, that certain paragraphs of Plaintiff's Amended Complaint are identical to that in the original Complaint; yet Defendants modified responses to no longer admit the fact and state instead that the ordinance "speaks for itself." However, Defendants are amenable to filing an amended pleading in order to resolve the dispute. (*See* ECF No. 81.) Discovery is still ongoing, and depositions appear to have recently begun. (*See* ECF No. 112.) The parties are moving the case forward but are still within the fact-finding period such that the filing of an Amended Answer should not prejudice either party. As such, Defendants shall file an Amended Answer, addressing only the eleven (11) paragraphs at issue, within fourteen (14) days from the date of this Memorandum Order. Plaintiff's motion will be denied without prejudice and may be refiled following receipt of Defendants' Amended Answer, if warranted.

For the reasons set forth above, and for good cause shown,

**IT IS** on this 30th day of January, 2024,

**ORDERED** that Plaintiffs' Motion to Deem Certain Allegations Admitted, (ECF No. 76), is **DENIED** without prejudice. Defendants shall file an Amended Answer within fourteen (14) days of this Memorandum Order. The Amended Answer should only involve revisions to paragraphs 56, 57, 58, 59, 60, 62, 71, 72, 73, 74, and 75.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: January 30, 2024